Matthew T. **MILLHOUSE,**
**Jr., Appellant**

v.

**J. GRONDOLSKY.**

No. 09–2086.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 July 31, 2009.

Opinion filed: Aug. 17, 2009.

Matthew T. Millhouse, Jr., Fort Dix, NJ,
pro se.

Before: SCIRICA, Chief Judge, WEIS
and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Matthew T. Millhouse, Jr. appeals from the order of the United States District

---

Court for the District of New Jersey dismissing his habeas petition filed under 28 U.S.C. § 2241. We will affirm.

Millhouse, an inmate at the federal prison in Fort Dix, New Jersey, was convicted of money laundering crimes by a federal court in the Northern District of Ohio. He filed a motion pursuant to 28 U.S.C. § 2255, which was dismissed on June 5, 2007. The United States Court of Appeals for the Sixth Circuit denied relief on June 19, 2008. On January 15, 2009, Millhouse filed the § 2241 petition at issue here, raising the same ten claims that were raised in his § 2255 motion in the Ohio court, and an eleventh claim that the Bureau of Prisons was holding him in illegal detention because his conviction was unconstitutional. Millhouse argued that he could bring his claims under § 2241, because § 2255 was "inadequate or ineffective to test the legality of his detention." Section 2241 Petition at ¶ 13. The District court dismissed the petition for lack of jurisdiction. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

As the District Court properly noted, a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. *See Davis v. United States,* 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974); *In re Dorsainvil,* 119 F.3d 245, 249 (3d Cir.1997). Millhouse concedes that a habeas petitioner can seek relief under section 2241 only if the remedy provided by section 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255; *In re Dorsainvil,* 119 F.3d at 249–51. However, Millhouse fails to recognize that a section 2255 motion is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of section 2255, *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002), or

because the sentencing court does not grant relief, *Cradle v. United States ex rel. Miner,* 290 F.3d 536, 539 (3d Cir.2002) (per curiam). Rather, the "safety valve" provided under section 2255 is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. *See Okereke,* 307 F.3d at 120 (citing *In re Dorsainvil,* 119 F.3d at 251).

Despite Millhouse's protestations that he has been "imprisoned for a nonexistent offense," we agree with the District Court that Millhouse's situation is not the rare one rendering section 2255 inadequate or ineffective. Millhouse has not been convicted of an offense that was later found to be non-criminal. Instead, Millhouse simply raises arguments concerning his conviction that could have been raised on direct appeal or in his § 2255 motion. That Millhouse has already unsuccessfully pursued a section 2255 motion in the sentencing court and now faces a statutory bar to filing another one does not show the inadequacy of that remedy.

We have considered the record and Millhouse's arguments in his memorandum in opposition to summary action. Because no substantial question is presented by this appeal, we will summarily affirm the District Court's judgment. *See* Third Circuit LAR 27.4 and I.O.P. 10.6.