BLD-281                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2015
_____

MATTHEW T. MILLHOUSE, JR.,
                                          Appellant

v.

WARDEN DONNA ZICKEFOOSE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-06551)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 2, 2010
Before: RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: October 6, 2010)
_____

OPINION
_____

PER CURIAM

Matthew T. Millhouse, Jr., a prisoner proceeding *pro se*, appeals from the order of

the District Court dismissing his habeas petition filed under 28 U.S.C. § 2241.  Because

the appeal does not present a substantial question, we will summarily affirm.  See 3d Cir.

LAR 27.4; 3d Cir. IOP 10.6.

Millhouse was convicted of money laundering and related crimes in the United States District Court for the Northern District of Ohio. He filed in that court a motion under 28 U.S.C. § 2255, which was dismissed in 2007. The Sixth Circuit Court of Appeals denied relief in 2008.

In January 2009, Millhouse filed in the United States District Court for the District of New Jersey a petition under 28 U.S.C. § 2241, raising eleven claims for relief. The District Court dismissed the petition for lack of jurisdiction, and we affirmed that decision. See Millhouse v. Grondolsky, 331 F. App'x 108, 109 (3d Cir. 2009). In December 2009, Millhouse filed the § 2241 petition at issue here, raising the same eleven claims. The District Court again dismissed Millhouse's petition for lack of jurisdiction. Millhouse appealed, and also seeks appointment of counsel and release on bail pending resolution of his appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal determinations and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

As we explained in Millhouse's prior appeal, a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); In re Dorsainvil, 119 F.3d 245, 249 (3d

2

Cir. 1997). A petitioner may seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See § 2255; Dorsainvil, 119 F.3d at 249-51. Section 2255 is not inadequate or ineffective merely because a petitioner cannot meet the gatekeeping requirements of § 2255, see Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief. See Cradle, 290 F.3d at 539. Millhouse fails to demonstrate that his is one of the rare cases in which § 2255 is inadequate or ineffective, as he once again only raises arguments concerning his conviction that could have been raised on direct appeal or in his § 2255 motion.

We have considered the record and Millhouse's arguments in his memorandum in support of his appeal and his other filings. Because 28 U.S.C. § 2255(e) deprived the District Court of the authority to consider Millhouse's § 2241 petition, his appeal plainly lacks merit, and we will summarily affirm the judgment of the District Court. Millhouse's motions for summary action, counsel, and bail are denied.