DLD-244                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2524
_____

MATTHEW T. MILLHOUSE, JR.,
Appellant

v.

DONNA ZICKEFOOSE, Warden
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 10-cv-05512)
District Judge:  Honorable Noel L. Hillman
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(b)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 21, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges.

(Filed: July 29, 2011)
_____

OPINION
_____

PER CURIAM

Matthew Millhouse, Jr. appeals pro se and in forma pauperis from the United

States District Court for the District of New Jersey's order dismissing his habeas petition

filed under 28 U.S.C. § 2241.  Because this appeal does not present a substantial

question, we will summarily affirm the District Court's order.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

I.

In 1999, Millhouse was convicted of money laundering and related crimes in the United States District Court for the Northern District of Ohio.  In 2007, Millhouse filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the Northern District of Ohio. The motion was dismissed as untimely, and the United States Court of Appeals for the Sixth Circuit denied Millhouse's request for a certificate of appealability in 2008.

Millhouse is currently confined in the Federal Correctional Institution in Fort Dix, New Jersey.  In 2009, he filed two petitions for writs of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey, both raising eleven claims for relief that challenged his 1999 conviction and sentence.  The District Court dismissed the petitions for lack of jurisdiction, and we affirmed those decisions. See Millhouse v. Grondolsky, 331 F. App'x 108 (3d Cir. 2009); Millhouse v. Zickefoose, 396 F. App'x 796 (3d Cir. 2010).  Then, in October 2010, Millhouse filed the present 28 U.S.C. § 2241 petition, raising seven grounds for relief.  The District Court determined that Millhouse's claims again challenged the fact of his conviction, and dismissed the petition for lack of jurisdiction.  It further concluded that the petition constituted an abuse of the writ because Millhouse had raised the same claims in prior § 2241 petitions.

Millhouse now appeals.

2

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

It is apparent that Millhouse's petition is not viable under 28 U.S.C. § 2241. Although he attempts to present his claims as challenges to the activities of the Federal Bureau of Prisons,[1] he is once again trying to challenge the fact of his 1999 conviction. As we have explained in Millhouse's prior appeals, a federal prisoner can challenge his conviction or sentence under 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his or her detention. Cradle, 290 F.3d at 538; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent" the petitioner from receiving adequate adjudication of his or her claims under § 2255. Cradle, 290 F.3d at 538. This exception is extremely narrow and applies only in rare circumstances. See, e.g., In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997) (applying exception where an intervening change in the law decriminalized the conduct underlying the petitioner's conviction and he had no other opportunity to pursue his claim).

---

[1] For example, Millhouse's seventh claim asserts that the Federal Bureau of Prisons improperly calculated his sentence. However, he then explains that the sentence was improperly calculated because his confinement is based on his illegal conviction.

3

After considering Millhouse's petition and submissions to this Court, we agree with the District Court that he has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention, as he raised arguments that could have been raised on direct appeal or in his § 2255 motion. Additionally, the Northern District of Ohio dismissed Millhouse's first § 2255 motion as untimely, making it likely that he would encounter hurdles in filing a second § 2255 motion. However, we have repeatedly held that a prisoner's inability to meet § 2255's stringent gatekeeping requirements does not render it inadequate or ineffective. Cradle, 290 F.3d at 538-39 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.").

For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the district court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.[2]

---

[2] Because we agree with the District Court that it lacked jurisdiction to entertain Millhouse's § 2241 petition, we need not address the abuse of the writ doctrine.