**ALD-139**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1254
_____

MATTHEW T. MILLHOUSE, JR., Appellant

v.

DONNA ZICKEFOOSE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 11-cv-05454)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted for a Decision on the Issuance of a Certificate
of Appealability and for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: April 13, 2012 )
_____

OPINION
_____

PER CURIAM.

        Matthew T. Millhouse, Jr., is currently serving a twenty-year prison sentence

imposed by the United States District Court for the Northern District of Ohio following

his conviction on two counts of money laundering in violation of 18 U.S.C. § 1956(h).

1

Millhouse challenged his convictions in a motion under 28 U.S.C. § 2255, but the sentencing court dismissed it and the United States Court of Appeals for the Sixth Circuit denied his request for a certificate of appealability. Millhouse v. United States, No. 07-3833 (6th Cir. Oct. 23, 2007).

Presently before this Court is the fourth habeas petition that Millhouse has since filed in the District of his current confinement seeking to attack his money laundering convictions under 28 U.S.C. § 2241. The District Court dismissed his three prior petitions for lack of habeas jurisdiction, and we affirmed each ruling. See Millhouse v. Zickefoose, 440 F. App'x 94 (3d Cir. 2011); Millhouse v. Zickefoose, 396 F. App'x 796 (3d Cir. 2010); Millhouse v. Grondolsky, 331 F. App'x 108 (3d Cir. 2009). In this case, the District Court determined that Millhouse's current § 2241 petition is materially indistinguishable from his prior petitions and dismissed that petition too for lack of habeas jurisdiction. We again agree, and will affirm, for reasons that we already have explained to Millhouse three times.

In addition to dismissing Millhouse's petition, the District Court warned him (for a second time) that his systematic abuse of the writ might result in sanctions in the future. We now take this opportunity to issue such a warning of our own. Millhouse is advised that, if he files any duplicative or otherwise frivolous appeal in the future, we will consider imposing appropriate sanctions. Those sanctions may include an injunction barring Millhouse from filing documents in this Court without our prior leave. In that regard, we note that the United States Supreme Court recently directed its Clerk not to

accept further filings from Millhouse, except on specified conditions, because he "has repeatedly abused th[at] Court's process[.]" Millhouse v. Zickefoose, 132 S. Ct. 440 (2011). That characterization fairly describes Millhouse's conduct before this Court as well, and Millhouse is now on notice that any continuation of that conduct may lead to appropriate sanctions.

For the foregoing reasons, we will affirm the District Court's judgment. Millhouse's motion for the appointment of counsel on appeal is denied.